# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER V. LONG,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1513 CDP |
| | ) | |
| MIKKI STRAUB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The Court has reviewed the complaint, and the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

---

[1] Plaintiff has named Norman Steimel and Marissa Steimel as additional party plaintiffs in this action, but neither individual has signed the complaint or in any way indicated any intention of pursuing this case. Moreover, all of the claims in the complaint pertain to plaintiff Long. Because plaintiff may bring his own claims to federal court without counsel, but not the claims of others, the Court will dismiss the Steimels from this action. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1.

Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is taken for an improper purpose. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff is a pretrial detainee currently incarcerated at St. Charles County Department of Corrections.[2] He brings this action pursuant to 42 U.S.C. § 1983

---

[2] Plaintiff is currently awaiting trial on the following charges: aggravated stalking, possession of child pornography, animal abuse, and harassment. See State v. Long, Case No. 0811-CR06631-01, Missouri Case.Net at

alleging violations of his civil rights. Named as defendants are: Mikki Straub (police officer); Timothy Braun (appointed attorney); Ella Boone Conley (appointed attorney); John Banas (prosecuting attorney); and Scott Green (Chief Animal Control Officer).

Plaintiff asserts that defendant Straub lied to him and manipulated him into talking to her. Plaintiff claims that defendant Straub then used "false information" to get a search warrant for his residence. Plaintiff disagrees with the trial strategy implemented by his appointed attorneys, defendants Braun and Conley, and he claims that they falsely told the Court that he was incompetent to stand trial. Plaintiff also complains that certain unnamed persons, presumably defendant Green, "illegally" removed a dog from his home in March of 2009 pursuant to a "corrupt search warrant." Plaintiff makes no specific allegations against defendant Banas except to say that defendant Braun told him that the "prosecuting attorney" told Braun it was "an outrage" that plaintiff "got bonded out."

Plaintiff seeks both monetary damages and injunctive relief for the perceived violations of his rights.

---

https://www.courts.mo/gov/casenet.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality/governmental entity is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality or governmental entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, the complaint fails to state a claim upon which relief can be granted against defendants Braun and Conley because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325

(1981). Similarly, to the extent that plaintiff's complaint contains any allegations against defendant Banas, his complaint is legally frivolous because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that Norman Steimel and Marissa Steimel are dismissed as party plaintiffs from this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A(b).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of December, 2009.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE